UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER L.L.C.,<br><br>*Defendants.* | Case No. 1:24-cv-03973-(AS)<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO STRIKE FAN WITNESSES**

# TABLE OF CONTENTS

**Page**

BACKGROUND ..................................................................................................................1

LEGAL STANDARD..........................................................................................................2

ARGUMENT ......................................................................................................................2

CONCLUSION...................................................................................................................5

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*,
    650 F. Supp. 2d 314 (S.D.N.Y. 2009)........................................................................................3

*Freeman v. Giuliani*,
    2025 WL 81370 (S.D.N.Y. Jan. 13, 2025) .................................................................................2

*In re Gen. Motors LLC Ignition Switch Litig.*,
    No. 14-MD-2543 (JMF), 2017 WL 2880882 (S.D.N.Y. July 5, 2017) ......................................4

*Williams v. Bethel Springvale Nurson Home, Inc.*,
    2018 WL 1662644 (S.D.N.Y. Apr. 5, 2018).....................................................................2, 3, 4

**RULES**

Fed. R. Civ. P. 26.................................................................................................................1, 2, 4

Fed. R. Civ. P. 37....................................................................................................................2, 5

Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. ("Defendants") move to strike two newly disclosed "fan" witnesses—Callie Brennan and Lori Kelly—who were identified for the first time on Plaintiffs' January 6, 2026 "may call" trial witness list. This motion is made pursuant to Federal Rule of Civil Procedure 37(c)(1), which allows for the exclusion of evidence from witnesses if a party fails to disclose or identify such witnesses as required by Federal Rules of Civil Procedure 26(a)(1)(A) and 26(e). Plaintiffs failed to timely disclose these witnesses and offer no substantial justification for doing so, and this failure harms Defendants.

## BACKGROUND

The parties exchanged Rule 26(a)(1) initial disclosures on July 1, 2024. Decl. of Robin L. Gushman ("Gushman Decl.") ¶ 1. Plaintiffs' initial disclosures did not identify Ms. Brennan or Ms. Kelly as individuals likely to have discoverable information that Plaintiffs might use to support their claims. *Id.* Plaintiffs' supplemental disclosures, exchanged on April 25, 2025, likewise did not disclose Ms. Brennan or Ms. Kelly as individuals likely to have discoverable information. *Id.* ¶ 2.

On January 6, 2026, the parties exchanged preliminary "may call" trial witness lists. *Id.* ¶ 3. Plaintiffs' list included Ms. Brennan and Ms. Kelly, whom Plaintiffs described as "consumers of Defendants' primary concert ticketing services sold to fans." *Id.* Defendants objected to the inclusion of Ms. Brennan and Ms. Kelly on Plaintiffs' witness list, and requested a lead trial counsel conference to discuss the issue. *Id.* ¶ 4. On that call, Plaintiffs acknowledged that these individuals were not disclosed before Plaintiffs produced their "may call" witness list on January 6, 2026. *Id.* Plaintiffs also stated that they intend to call Ms. Brennan and Ms. Kelly to 1) offer personal and anecdotal testimony about their experiences buying tickets and paying the associated fees through Ticketmaster and 2) testify regarding damages they allegedly suffered. *Id.* Plaintiffs

1

declined to withdraw the witnesses from their list, and as a result, Defendants seek relief from the Court. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to identify each individual "likely to have discoverable information" that the party may use to support its claims. Federal Rule of Civil Procedure 26(e) requires timely supplementation if a party learns that a disclosure or response is "incomplete or incorrect" in "some material respect." The purpose of this rule is to avoid "surprise" or "trial by ambush." *Freeman v. Giuliani*, 2025 WL 81370 at *4 (S.D.N.Y. Jan. 13, 2025).

Rule 37(c)(1) provides that a party that fails to abide by Rule 26(a)'s disclosure requirements is "not allowed to use" the witness at issue at trial, "unless the failure was substantially justified or is harmless." *See Williams v. Bethel Springvale Nurson Home, Inc.*, 2018 WL 1662644 at *5 (S.D.N.Y. Apr. 5, 2018). Courts commonly consider four factors in deciding whether to preclude a witness from testifying as a sanction for a violation of Rule 26: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Freeman*, 2025 WL 81370 at *4.

## ARGUMENT

Each of the factors articulated in *Freeman* weighs in favor of excluding the trial testimony of Ms. Brennan and Ms. Kelly.

*First:* Plaintiffs cannot offer any "explanation for the failure to comply" with Rule 26(a)'s disclosure requirement. *Freeman*, 2025 WL 81370 at *4. The proposed testimony is not newly

2

discovered or triggered by an unexpected development. Plaintiffs' own theory has always included allegations about fans' ticketing experiences and fees. *See* Fed. R. Civ. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case[.]"). There is no legitimate reason Plaintiffs could not have disclosed these individuals—the first and only fan witnesses Plaintiffs have identified in this action—earlier.

*Second:* Ms. Brennan and Ms. Kelly's testimony is of minimal importance to Plaintiffs' case. Plaintiffs propose that Ms. Brennan and Ms. Kelly be allowed to testify regarding their experience purchasing tickets through Ticketmaster and paying the associated fees. Such testimony, however, is anecdotal and Plaintiffs offer no explanation for why it is relevant to their claims. Plaintiffs do not contend that any anticompetitive conduct took place in their alleged "fan-facing" markets; rather, the conduct took place in their alleged "venue-facing" market, in which fans do not participate. *See* Am. Compl. ¶¶ 224-260. Insofar as Plaintiffs intend for the fan witnesses to offer testimony regarding their alleged damages: where a witness has not been identified as a damages witness, and without any indication that the witness "possesses any specialized knowledge," a lay witness's testimony regarding damages said witness purportedly suffered "cannot properly be considered by [the] Court." *Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, 650 F. Supp. 2d 314 (S.D.N.Y. 2009). That is the subject of the anticipated testimony of Plaintiffs' damages expert, Dr. Rosa Abrantes-Metz.

*Third:* Plaintiffs' untimely disclosures "*after* the close of discovery" have "undoubtedly prejudice[d]" Defendants by "rob[bing] . . . [them] of the opportunity to take discovery of the named witness, build a complete theory of the case, plan appropriate trial strategies, and find other evidence for use at trial." *Williams*, 2018 WL 1662644 at *5. Although Defendants have served

document subpoenas on Ms. Brennan and Ms. Kelly, it is unlikely that Defendants will obtain full and complete discovery from these individuals in the short time before trial. Additionally, had Plaintiffs timely disclosed these individuals, Defendants could have identified responsive "fan" witnesses to rebut Plaintiffs' anecdotes and provide broader context. Plaintiffs' late disclosure thus deprived Defendants of the opportunity to create a balanced record. Such "harms are not easily remedied in the few weeks before trial." *Williams*, 2018 WL 1662644 at *5.

*Fourth*: The only way to fully address the prejudice caused by Plaintiffs' late disclosure of Ms. Brennan and Ms. Kelly as potential witnesses would be a continuance of the trial. This would be disruptive and burdensome to the Court and the parties. Such a remedy would be "especially inappropriate this close to the scheduled trial date," *id.*, particularly where this Court has stated that the trial date is "set in stone." ECF No. 193 at 2; *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2017 WL 2880882, at *4 (S.D.N.Y. July 5, 2017) (precluding evidence for untimely disclosure where a continuance would disrupt the parties' and court's carefully calibrated trial schedule). The Court should not consider a continuance at this late stage.

All four factors weigh in favor of exclusion. Any lesser remedy would either fail to cure the prejudice caused by Plaintiffs' late disclosure of Ms. Brennan and Ms. Kelly or would require material disruption to the pre-trial schedule.

Finally, Plaintiffs have indicated that they may contend that the deposition protocol allows them to add individuals to their witness list (with the further suggestion that taking their depositions is the remedy the parties contemplated for improperly disclosed witnesses). That is not the case. *See* ECF No. 303 at ¶ 27 ("The Parties agree that any individual identified by any opposing Party as a trial witness who has not already been deposed shall be made available for

4

Deposition by the opposing Party reasonably in advance of trial."). The parties agreed to that portion of the protocol because each side identified a large number of potentially knowledgeable entities in their initial disclosures, far more than either side could depose in the allotted discovery time. Nothing in the protocol does, or was intended to, circumvent the Rule 26 disclosure obligations generally nor, specifically, to allow the addition of individuals to their witness list who were not even previously disclosed either in initial disclosures or via discovery. A contrary rule would encourage the conscious late disclosure of witnesses.

## CONCLUSION

Accordingly, Defendants respectfully request that the Court strike Ms. Brennan and Ms. Kelly from Plaintiffs' trial witness list under Rule 37(c)(1). Defendants further request any other appropriate relief necessary to prevent prejudice from Plaintiffs' late disclosure.

Dated: January 30, 2026

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Andrew M. Gass (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

**CERTIFICATE OF COMPLIANCE**

     I, Alfred C. Pfeiffer, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Rule 8(C) of Judge Arun Subramanian's Individual Practices in Civil Cases ("Individual Rules"), that the foregoing Memorandum of Law was prepared using Microsoft Word, and contains 1,368 words. In making this calculation, I have relied on the word and page counts of the word-processing program used to prepare the document.

Dated:    January 30, 2026
            San Francisco, California

                                                        Alfred C. Pfeiffer